UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEBASTIAN BONGIOVANNI, Jr. O.B.O.
MILDRED BONGIOVANNI                         NOT FOR PUBLICATION
                                            **ORDER**
                    Appellant,                 12-cv-6387 (CBA)

           -against-

JANICE GRUBIN, Trustee, et al.,
                    Appellees.
------------------------------------------------------------X

**AMON, Chief United States District Judge**.

On November 21, 2012, Sebastian Bongiovanni, Jr. ("Bongiovanni Jr.") on behalf of his mother, Mildred Bongiovanni ("Mrs. Bongiovanni" or "appellant"), filed a Notice of Appeal from an order issued by United States Bankruptcy Judge Jerome Feller on November 8, 2012 related to the Chapter 11 plan of liquidation of Sudano, Inc. ("Sudano"), Sortino Realty Corp. ("Sortino"), and Couva Associates Ltd. ("Couva," and collectively, "Debtors"). On January 17, 2013, this Court set a briefing schedule for the appeal, requiring Mrs. Bongiovanni to submit her brief by February 12, 2013 and appellee Janice Grubin, Plan Trustee, to submit a response by March 5, 2013. (Order, D.E. # 4.) On February 12, 2013, Bongiovanni Jr. filed an appellant brief on behalf of his mother, which both he and Mrs. Bongiovanni signed. (App. Br., D.E. # 11.)

Before the Court is appellee's motion to enjoin non-attorney Bongiovanni Jr. from representing his mother pursuant to 28 U.S.C. § 1654 and New York Judiciary Law § 478. As appellee notes, Bongiovanni Jr. previously filed a bankruptcy appeal on behalf of his mother related to the same Chapter 11 liquidation plan, *see generally Bongiovanni v. Grubin*, No. 08-cv-3534 (CBA). By orders dated September 5, 2008 and December 11, 2008, the Court determined that although Bongiovanni Jr. was permitted to "assist and advise his mother in her *pro se* appeal as an 'advi-

1

sor out of court,'" he was not permitted to "sign legal papers or argue this case on her behalf." (Order Dated Sept. 5, 2008, No. 08-cv-3534, D.E. # 7 at 2; *see also* Order Dated Dec. 11, 2008 (reaffirming this order).) On appeal from the Court's denial of the prior bankruptcy appeal, the Second Circuit allowed Bongiovanni Jr. to appear at oral argument, but noted that Bongiovanni Jr. "was arguably engaged in the unauthorized practice of law, and is not permitted to assert claims on his mother's behalf." *Bongiovanni ex rel. Bongiovanni v. Grubin*, 451 F. App'x 53, 54 (2d Cir. 2011), *cert denied* 133 S.Ct. 137 (2012).

The instant appeal challenges Judge Feller's November 8, 2012 order denying a motion submitted by Bongiovanni Jr. on behalf of his mother to (1) sue appellee in civil court for breach of fiduciary duty and (2) renew objections to appellee's final report on the Chapter 11 reorganization. *In re Sudano Inc. et al.*, No. 02-bk-21821, D.E. # 415. In the previously-appealed bankruptcy order dated July 30, 2008, Judge Feller held that Bongiovanni Jr. lacked standing to bring a motion for damages against appellee because he was not listed as a creditor or equity security holder of Debtors and never filed a proof of claim in any of the Debtors' Chapter 11 cases. Bankruptcy Order Dated Jul. 30, 2008, *In re Sudano Inc. et al.*, No. 02-bk-21821, D.E. # 369 at 14. Bongiovanni Jr. now claims that he has standing in the instant appeal because in August 2008 his mother assigned him her interest in and claims against the estate of her late husband, Sebastian Bongiovanni, Sr., as well as all of her asserted shareholder interest in Sudano, Sortino, and Couva. (Mem. in Opp., D.E. # 13 ¶¶ 3, 6.)

A party bringing suit "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Cordes & Co. Fin. Srvcs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 100 (2d Cir. 2007) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). The Court agrees with appellee that the assignment of rights against the estate of Sebastian Bongiovanni Jr. does not thereby confer standing to bring claims against ap-

pellee—who served as trustee for the estates of Sudano, Sortino, and Couva—or against the Debtor estates themselves. Moreover, because any shares of the Debtor corporations held by Mrs. Bongiovanni were canceled upon confirmation of the reorganization plan in 2005, the assignment of such non-existent shares to Bongiovanni Jr. cannot not confer standing unto him. *See* Bankruptcy Order Confirming Chapter 11 Plan Dated August 17, 2005, No. 02-bk-21821, D.E. # 206 at 14-15; Bankruptcy Order Dated Jul. 30, 2008 at 16-17 & n. 35 (noting that "[n]o documentation or other evidence was produced to support Mrs. Bongiovanni's asserted shareholder interests in Sudano or Couva," that the 50 percent interest held by Mrs. Bongiovanni in Sortino were "canceled upon confirmation of the Plan," and that "[t]o the extent that Bongiovanni Jr. asserts that Mrs. Bongiovanni received an ownership interest in the Debtors after Bongiovanni Sr.'s death through interstate [sic] succession or through last will and testament, we note that Bongiovanni Sr.'s interests in the Debtors were extinguished in 2004, two years prior to his death"). Thus, Bongiovanni Jr. lacks standing in this appeal.

As in the prior action, Bongiovanni Jr. may assist and advise his mother as an "advisor out of court." *Catalano v. Shell Oil Co.*, 94-cv-4288, 1996 WL 715534 (S.D.N.Y. Dec. 11, 1996). Moreover, out of consideration for Mrs. Bongiovanni's interests, the Court accepts the Notice of Appeal, the Designation of Record of Appeal, the Statement of Issues, and the December 12, 2013 appeal brief, the last two of which were also signed by Mrs. Bongiovanni. (Statement of Issues, D.E. # 3 at 7; App. Br., D.E. # 11 at 28.) Going forward, however, Bongiovanni Jr. may not sign or file legal papers, advance claims, correspond with opposing counsel, or argue or otherwise appear before the Court on appellant's behalf in this appeal or any other matter that may arise before this Court. *Bongiovanni*, 451 F. App'x at 54; *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). If appellant intends to be represented by Lance Lazzaro of the Laz-

zaro Law Firm as indicated in her response to appellee's motion and her letter dated February 27, 2013, Lazzaro must file a formal notice of appearance before the Court.

The motion to enjoin Bongiovanni Jr. from representing appellant as her attorney is granted as set forth above. The motion to strike appellant's brief is denied. In light of appellee's February 28, 2013 letter request for an extension of time, the Court grants appellee until March 12, 2013 to file a response to appellant's brief. Appellant's reply brief will be due March 26, 2013. No oral argument will be held on this appeal.

SO ORDERED.

Dated: March 1, 2013
       Brooklyn, N.Y.

                                        _____/s_____
                                        Carol Bagley Amon
                                        Chief United States District Judge