FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 27 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Mildred Bongiovanni,

                      Appellant,

-against-

Janice Grubin, Trustee, et al.,

                      Appellees.
------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-cv-6387 (CBA)

**AMON, Chief United States District Judge.**

Before this Court is Mildred Bongiovanni's ("Mrs. Bongiovanni" or "appellant") pro se appeal of two orders of the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") in In re Sudano Inc. et al., No. 02-bk-21821. First, appellant appeals United States Bankruptcy Judge Jerome Feller's "Order Denying Motion to Renew Objection to the Final Report and Requesting Leave to [sic] the Civil Court," dated November 8, 2012 (the "November 8 Order"). (Bankr. D.E. # 415.) Second, appellant appeals Chief United States Bankruptcy Judge Carla Craig's "Order Denying Reassignment" dated November 7, 2013. (Bankr. D.E. # 413). Also before the Court are (1) the motion of Janice B. Grubin ("the Trustee") to hold appellant's son, Sebastian Bongiovanni Jr. ("Bongiovani Jr.") in contempt, and (2) appellant's pro se motion for reconsideration of this Court's April 8, 2013 Order, which denied her motion for a preliminary injunction (the "April 8 Order"). For the reasons set forth below, the Court denies the appeal. The Court also denies appellant's motion for reconsideration and the Trustee's motion for contempt.

## BACKGROUND

The background of this bankruptcy action is detailed more fully in this Court's order denying a prior appeal brought by Mrs. Bongiovanni. See Bongiovanni v. Grubin, No. 08-cv-

1

3534, 2010 WL 3927042 (E.D.N.Y. Sept. 30, 2010). The Court will nevertheless provide a summary of the facts relevant to this appeal.

A. Proceedings in Bankruptcy Court and Prior Appeal

In September and October 2002, Sudano Inc. ("Sudano"), Sortino Realty Corp. ("Sortino"), and Couva Associates Ltd. ("Couva") (collectively, "Debtors" or "Debtor corporations"), filed voluntary Chapter 11 petitions in the Bankruptcy Court. Sebastian Bongiovanni Sr. ("Bongiovanni Sr."), appellant's late husband, signed each Chapter 11 petition and was listed as the sole equity holder for each of the Debtor corporations. For about eighteen months after filing for bankruptcy, the Debtors retained possession of three residential apartment buildings located in Brooklyn, New York (collectively, the "Properties"), which were the Debtors' primary assets.

In March 2004, the bankruptcy court appointed Janice Grubin as Trustee for the consolidated Chapter 11 reorganization. On May 27, 2005, over Bongiovanni Sr.'s objection, the Bankruptcy Court entered an order authorizing the sale of the Properties for $13.1 million plus $400,000 to be held in escrow for repairs and remediation of New York City Housing Code violations. (Bankr. D.E. # 172.) Bongiovanni Sr. did not appeal this order. On August 17, 2005, the Bankruptcy Court confirmed the Trustee's joint plan of liquidation ("the Plan"). (Bankr. D.E. # 206, Ex. A.) Due to insufficient funds, the Debtors' shareholders (i.e., Bongiovanni Sr.) received no distribution under the Plan. The Debtor corporations were dissolved and all shares cancelled as of August 30, 2005, the Plan's Effective Date. (Bankr. D.E. # 206 at 14-15, Ex. A at Art. 7.11, 1.47 & 5.4.2.) On November 29, 2005, the Bankruptcy Court issued an order authorizing the Trustee to remit fees to herself and other professionals involved in the reorganization (the "Fee Order"). (Bankr. D.E. # 236.) Bongiovanni Sr. appeared at a hearing held on the

2

proposed Fee Order and opposed the fee requests, but did not appeal the Fee Order. Bongiovanni Sr. died in July 2006.

The Trustee filed her final report, which had been approved by the United States Trustee, on November 27, 2007 (the "Final Report"). (Bankr. D.E. # 317.) Although neither the estate of Bongiovanni Sr. nor any member of the Bongiovanni family retained any ownership interest in the Debtor estates, Bongiovanni Sr.'s son, Bongiovanni Jr., filed two pro se objections to the Final Report in December 2007. (Bankr. D.E. # 320 & 321.) Bongiovanni Jr. claimed that his mother held a 50 percent interest in the Debtor corporations and that she was denied adequate notice of the bankruptcy proceedings. He argued that the Trustee failed to account for all funds administered and that the distribution of fees improperly left nothing to the Bongiovanni family. (Id.) Bongiovanni Jr. sought, inter alia, permission to re-argue the Fee Order and "[o]nce all creditors have been paid we request monies left to be given back to the shareholders." (Id.) On January 28, 2008, Bongiovanni Jr. filed a pro se motion on behalf of his mother seeking damages from the Trustee on grounds that she denied Mrs. Bongiovanni's right to due process and failed to sell the Properties on an expedited basis, which he alleged cost the Debtor estates millions of dollars in repairs and improvements and prevented an equitable distribution to the shareholders (the "Damages Motion"). (Bankr. D.E. # 336.) The Damages Motion sought compensatory and punitive damages to be paid from any residual funds remaining in the Debtor estates and the forfeiture of any compensation awarded to the Trustee. (Id.) The same day, Bongiovanni Jr. also filed a third pro se objection to the Final Report, reiterating his argument that his mother was denied due process, objecting to the Trustee "receiving or paying all fees" related to the case, and requesting that approval of the Final Report be held in abeyance pending disposition of the Dam-

ages Motion. (Bankr. D.E. # 337.) On that date, the Trustee also filed a supplement to be incorporated in the Final Report contesting Bongiovanni's objections. (Bankr. D.E. # 332.)

Bongiovanni Jr. entered into a court-approved settlement with the Chapter 11 Trustee and the United States Trustee on February 7, 2008. (Bankr. D.E. # 340, 341.)[1] Pursuant to this agreement, the Bankruptcy Court approved the Final Report as supplemented and allowed Bongiovanni Jr. to proceed with the Damages Motion. Bongiovanni Jr. withdrew his objections to the Final Report. (Id.) The bankruptcy court denied the Damages Motion on July 30, 2008, concluding that (1) appellant did not have standing to bring the motion; (2) there were no violations of due process; and (3) no damages were proven or warranted. See In re Sudano, Inc., 391 B.R. 678, 686-690 (Bankr. E.D.N.Y. 2008). On August 26, 2008, the bankruptcy court denied Bongiovanni Jr.'s motion for reconsideration and for a stay pending appeal. (Bankr. D.E. # 387.) Again ostensibly acting on behalf of his mother, Bongiovanni Jr. appealed the July 30 and August 26, 2008 bankruptcy orders to this Court. By Order dated September 30, 2010, this Court denied the appeal and affirmed the bankruptcy orders. Bongiovanni, 2010 WL 3927042 at *2-4. This Court found that Mrs. Bongiovanni had standing to bring her due process claim based on her purported ownership interest in the Debtor corporations but agreed with the Bankruptcy Court that she failed to establish a due process violation or to prove any damages. (Id. at *3-4.) The Second Circuit Court of Appeals affirmed this Court's September 30, 2010 Order, finding that Mrs. Bongiovanni did not suffer a violation of due process and was not entitled to damages. See Bongiovanni ex rel. Bongiovanni v. Grubin, 451 F. App'x 53, 54 (2d Cir. 2011). The Second Circuit also noted that although the panel permitted Bongiovanni Jr. to appear on behalf of his mother at oral argument, "he was arguably engaged in the unauthorized practice of law, and

---

[1] Bongiovanni Jr. signed this agreement "on behalf of Mildred Bongiovanni." (See Bankr. D.E. # 340 at 3.)

4

is not permitted to assert claims on his mother's behalf."[2] Id. The Supreme Court denied appellant's petition for a writ of certiorari on October 1, 2012. 133 S.Ct. 137 (2012).

### B.  Appellant's October 2012 Motion

On October 25, 2012, undeterred by this Court's and the Second Circuit's admonitions concerning the unauthorized practice of law, Bongiovanni Jr. sought to revive his previously withdrawn objections to the Trustee's Final Report. Bongiovanni Jr. filed a motion on behalf of appellant entitled "Motion to Renew Objection to the Final Report and Requesting Leave to the Civil Court" ("Motion to Renew"), which was signed by both appellant and Bongiovanni Jr. (Bankr. D.E. # 412 at 9.) In this motion, Bongiovanni Jr. and appellant sought not only to renew Bongiovanni Jr.'s objections to the Final Report but also leave to bring a civil suit against the Trustee and several of her retained professionals. (Id. at 13.) Bongiovanni Jr. and appellant alleged that the Trustee and the professionals breached their fiduciary duties and engaged in professional misconduct by filing fraudulent and overstated fee applications, misleading monthly operating reports and summary reports, and failing to account for all revenue from the sale of the Properties. (Id. at 13-37.) Bongiovanni Jr. and appellant also requested reassignment of the motion to Chief Bankruptcy Judge Carla Craig. (Id. at 1.)

In a "Order Denying Reassignment" dated November 7, 2012, Chief Bankruptcy Judge Craig denied the motion for reassignment, concluding that the motion did not provide a basis for reassigning the order pursuant to Local Bankruptcy Rule 1073-1(c), which provides that the Chief Bankruptcy Judge may reassign cases "in the interests of justice or the proper administration of the Court." (Bankr. D.E. # 413, 414.)

---

[2] By orders dated September 5, 2008 and December 11, 2008, this Court had also determined that although Bongiovanni Jr. was permitted to "assist and advise his mother in her pro se appeal as an 'advisor out of court,'" he was not permitted to "sign legal papers or argue this case on her behalf." (Order Dated Sept. 5, 2008, No. 08-cv-3534, D.E. # 7 at 2; see also Order Dated Dec. 11, 2008, D.E. # 12 at 2-4 (reaffirming this order).)

5

By Order dated November 8, 2012, Judge Jerome Feller denied Bongiovanni Jr. and appellant's motion. Judge Feller determined that to the extent the motion sought reconsideration of any prior orders entered by the Bankruptcy Court, including the Fee Order and the order approving the Final Report, the motion was time-barred under Fed. R. Civ. P. 60(b) and, in any event, failed to state grounds for reconsideration under that Rule. (Bankr. D.E. # 415.) Additionally, Judge Feller held that to the extent Bongiovanni Jr. and appellant sought leave to sue the Trustee and other retained professionals for breach of fiduciary duty, the action would be barred by res judicata because the conduct giving rise to those claims was the subject of the Damages Motion. (Id.)

C. Appeal

On November 21, 2012, Bongiovanni Jr., on behalf of his mother, filed a Notice of Appeal in this Court. Appellant challenges Judge Feller's November 8 order and Judge Craig's order denying reassignment of the motion. By Order dated March 1, 2013, this Court granted the Trustee's motion to enjoin Bongiovanni Jr. from representing appellant as her attorney ("March 1 Order"). In its Order, the Court reminded and warned that while Bongiovanni Jr. may assist his mother as an "advisor out of court," he may not "sign or file legal papers, advance claims, correspond with opposing counsel, or argue or otherwise appear before this Court on appellant's behalf in this appeal or any other matter that may arise before this Court." (D.E. # 18.)

On April 5, 2013, appellant filed a motion for an Order to Show Cause seeking a preliminary injunction and temporary restraining order. Mrs. Bongiovanni sought to enjoin the Trustee from (1) "conducting any/all functions as the Bankruptcy Trustee on behalf of the Debtors"; (2) "executing any/all open transactions on behalf of the Debtors"; (3) "executing any/all open Orders of the Bankruptcy Court on behalf of the Debtors"; and (4) "administering an[y]/all pay-

6

ments as Trustee on behalf of the Debtors." (D.E. # 30.) She also asked this Court to charge the Trustee with "perjury and sanctions," to withdraw the reference to the Bankruptcy Court, and to amend the appeal to recognize Bongiovanni Jr. as administrator of the Bongiovanni Sr.'s estate. On April 8, 2013, this Court denied appellant's motion in its entirety. (D.E. # 32.)

On April 19, 2013, the Trustee filed a motion to hold Bongiovanni Jr. in civil contempt for failure to comply with this Court's March 1, 2013 order prohibiting him from corresponding with opposing counsel. (D.E. # 33.) Mrs. Bongiovanni submitted a memorandum in opposition to the Trustee's motion, which included within it a "request for reconsideration" of this Court's April 8 Order. (D.E. # 34.)

## DISCUSSION

### II.  Jurisdiction and Standard of Review

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). On appeal, the Court may "affirm, modify or reverse a bankruptcy judgment, order, or decree, or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. Factual findings must be upheld unless clearly erroneous. Id. A finding is "clearly erroneous" when, on consideration of the record as a whole, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Zervos v. Verizon New York, Inc., 252 F.3d 163, 168 (2d Cir. 2001) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); In re Miner, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.") (quotation marks and alterations omitted). However, a bankruptcy court's legal conclusions are subject to de novo review. Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 91 (2d Cir. 2010).

7

## III. Orders Denying Motion to Renew Objections and Reassign

A threshold question is whether appellant has standing to appeal the bankruptcy court orders, an issue which this Court must address sua sponte. See In re Miner, 229 B.R. at 565. To have standing to appeal a bankruptcy court order, an appellant must be an "aggrieved person," that is, "a person directly and adversely affected pecuniarily by the challenged order." Licensing by Paolo, Inc. v. Sinatra (In re Gucci), 126 F.3d 380, 388 (2d Cir. 1997) (internal quotation marks omitted). This standard is stricter than Article III's "injury in fact" test for standing and reflects a concern, particularly applicable in the instant case, that "if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order." Kane v. Johns-Manville Corp., 843 F.2d 636, 642 (2d Cir. 1988).

### A. Order Denying Motion to Renew Objections

Mrs. Bongiovanni purports to assert claims on behalf of herself and the Debtors, based on her contention that she was a shareholder of the Debtor corporations. (See, e.g., Appellant's Br. at 10 ("[T]he Honorable Judge Feller . . . refused to schedule hearing Date on any Applications and/or Motions filed by your Appellant on behalf of Debtors for the stated Bankruptcy Case"); id. at 21 ("Appellant files complaint on the grounds that Trustee Grubin and the Professionals employed [] committed multiple Acts of Fraud and Misappropriation of Funds of the Bankruptcy Estate."); id. at 26 ("Appellant has turne[d] over all interest and signed Stock power and Ownership of the above Estates to Sebastian Bongiovanni Jr.")) As an initial matter, Mrs. Bongiovanni had never established that she was a shareholder of the Debtor corporations. Even assuming that Mrs. Bongiovanni was a shareholder and that her shareholder status would confer standing to appeal a bankruptcy order, any ownership interest that Mrs. Bongiovanni might have had was

extinguished as of August 30, 2005, the effective date of the Plan. (See Bankr. D.E. # 206 at 14-15.) Although the Court previously held that Mrs. Bongiovanni had standing to challenge an alleged due process violation on the ground that the Trustee failed to provide her with adequate notice of the bankruptcy proceedings, this Court was clear that she would not have standing to "bring belated attacks on the decisions of the bankruptcy court after her interests were extinguished." Bongiovanni, 2010 WL 3927042 at *3. Mrs. Bongiovanni does not have standing to appeal Judge Feller's order denying the motion to renew objections to the Trustee's Final Report, because the Final Report was filed on November 27, 2007, two years after all shares in the Debtor corporations were cancelled.

Further, even if Mrs. Bongiovanni had standing to appeal the order, the Court would not find Judge Feller's denial of a motion for relief under Rule 60(b) to be an abuse of discretion. See Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986) ("A motion seeking [Rule 60(b)] relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused."). Mrs. Bongiovanni has provided no reason why a court should entertain challenges to bankruptcy court orders, including the order approving the Final Report, all of which were entered over four years ago. To the extent Mrs. Bongiovanni seeks Rule 60(b)(3) relief on the grounds of fraud, misrepresentation, or misconduct on the part of the Trustee, Judge Feller properly denied the motion as untimely. See Fed. R. Civ. P. 60(c) (motion under Rule 60(b)(3) must be made "not more than one year after the entry of the judgment or order or the date of the proceeding."); In re Tender Loving Care Health Servs., Inc., 562 F.3d 158, 161 (2d Cir. 2009) (noting that Rule 9024 of the Federal Rules of Bankruptcy Procedure "incorporates the one-year time limitation of Rule 60(c)").

B.  Order Denying Reassignment

Mrs. Bongiovanni also argues that the Bankruptcy Court should have granted her motion to reassign the case to Chief Judge Craig. For the same reasons described above, Mrs. Bongiovanni does not have standing to appeal Chief Judge Craig's order denying reassignment, as she is not "directly and adversely affected pecuniarily" by the order. In re Gucci, 126 F.3d at 388. In any event, Mrs. Bongiovanni is not entitled to select a specific judge to hear and determine her motions. The Local Bankruptcy Rules simply provide that the Chief Bankruptcy Judge "may, in the interests of justice or the proper administration of the Court, assign or re-assign cases or proceedings." E.D.N.Y. LBR 1073-1. Mrs. Bongiovanni's contention that Chief Judge Craig erred by ruling on her motion to reassign "without any response by [t]he Trustee Janice Grubin or by any other interested parties" is without merit.[3]

## IV. Denial of Leave to Sue Chapter 11 Trustee

Mrs. Bongiovanni also appeals the Bankruptcy Court's denial of leave to sue the Trustee for breach of fiduciary duty and fraud in civil court. Where an individual sues a trustee for acts taken in the trustee's capacity as an officer of the court, a "well-recognized line of cases" originating from the Supreme Court's decision in Barton v. Barbour, 104 U.S. 126 (1881), has required "leave of the appointing court before a suit may go forward in another court against the trustee." Lebovits v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 272, 276 (2d Cir. 1996) (applying the Barton doctrine to trustees under the Bankruptcy Code); see In re Linton, 136 F.3d 544, 546-547 (7th Cir. 1998) (explaining that if a bankruptcy trustee is "burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded").

---

[3] The Court notes that since the filing of the instant appeal, the bankruptcy case was in fact reassigned to Chief Judge Craig. (See Bankr. D.E. # 438.)

10

A bankruptcy court's denial of leave to sue a trustee in another court is reviewed for abuse of discretion. See In re Beck Indus., Inc., 725 F.2d 880, 889-892 (2d Cir. 1984); see also In re McKenzie, 716 F.3d 404, 422 (6th Cir. 2013); In re Linton, 136 F.3d at 546-547. Before leave is granted, a bankruptcy court must determine that the prospective plaintiff has "ma[de] out a prima facie case against the trustee." In re Eerie World Entm't, L.L.C., No. 00-13708 (ALG), 2006 WL 1288578, at *3 (Bankr. S.D.N.Y. Apr. 28, 2006); see In re Linton, 136 F.3d at 547 (holding that where the bankruptcy court concluded there was probable cause, bankruptcy court "rightly denied" leave to sue for malicious prosecution in state court).

In seeking leave to sue, appellant argued that the Trustee and those she employed breached their fiduciary duty to appellant by (1) "filing fraudulent fee applications and/or employing tremendously over qualified professionals for the sole purpose of generating outlandish fees . . ."; (2) filing [] fraudulent and/or misleading monthly operating reports and/or summary reports"; (3) "not reconciling sale proceeds and/or not accounting for the total revenue [of] the Debtors' three properties"; and (4) "breach of fiduciary duties and professional conduct." (Bankr. D.E. # 412 (capitalization and punctuation altered)). In his November 8 Order, Judge Feller denied leave to sue because the claims sought to be asserted in civil court were barred by res judicata. (Bankr. D.E. # 415.)

Mrs. Bongiovanni's challenge to the Bankruptcy Court's denial of leave to sue the Trustee in civil court fails for two reasons. First, the majority, if not all, of her claims would be subject to res judicata, as the Bankruptcy Court correctly noted. (Bankr. D.E. # 415.) Res judicata encompasses "two separate and distinct wings of preclusion law, claim preclusion and issue preclusion." N. Assurance Co. of Am. v. Square D Co., 201 F.3d 84, 87 n.2 (2d Cir. 2000). The doctrine of claim preclusion holds that a "prior decision dismissed 'on the merits' is binding in

11

all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not." Id. at 87 (quoting EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir. 1997)). Claim preclusion "operates in two ways: (1) it bars claims that were brought and decided in a prior litigation; and (2) it bars all other claims relating to the same transaction against the same defendant that could have been brought at that time." Id.; see In re Ionosphere Clubs, Inc., 262 B.R. 604, 612 (Bankr. S.D.N.Y. 2001) ("The finality interests of res judicata are particularly important in the bankruptcy context, where numerous claims and interests are gathered, jostled, and are determined and released.").

Many of Mrs. Bongiovanni's allegations in support of granting her leave to pursue claims in civil court concern the Trustee's operating reports and summary reports during the period of time when the Trustee "overs[aw] rent collection, repairs and the sale of the properties with the assistance of the professionals she hired," and are therefore related to the claims asserted against the Trustee in appellant's Damages Motion and previous appeal. See Bongiovanni, 2010 WL 3927042, at *3 (finding no error in bankruptcy court's conclusion that "the Properties were sold as expeditiously as possible and that the Trustee worked hard to obtain the highest possible price and altogether exercised sound business judgment in her handling of the Properties."). Consequently, any such claims should have been brought against the Trustee and litigated at that time. N. Assurance Co. of Am., 201 F.3d at 88; see Sure-Snap Corp. v. State St. Bank & Trust Co., 948 F.2d 869, 875 (2d Cir. 1991) (finding lender liability claims should have been brought in prior bankruptcy proceeding and were therefore barred by res judicata).

Mrs. Bongiovanni contends that the "[Bankruptcy] Court and the Trustee Janice Grubin refused to have the two (2) issues decided together in one action" and that the "parties subse-

quently agree[d] to have the issues limited." (See Appellant's Br. at 21 (capitalization altered) (citing Bankr. D.E. # 341.)) But contrary to appellant's assertions, the agreement to which she refers does not preserve her ability to pursue objections at a later date. (See Bankr. D.E. # 341.) Even if the agreement had so provided, those objections could have been raised in the Damages Motion and are now subject to res judicata. Appellant further argues that "the cause of action" in the Damages Motion, that is, violation of due process, is "clearly different" than the "fraud and misappropriation of funds" claims she now seeks to bring. (See Appellant's Br. at 21.) However, it is "well-established" that a "plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110 (2d Cir. 2000).

More fundamentally, the Bankruptcy Court did not abuse its discretion in denying leave to sue because Mrs. Bongiovanni has made no showing that she was a shareholder of the Debtor corporation and was therefore owed a fiduciary duty by the Trustee or those the Trustee employed. Even if Mrs. Bongiovanni had made such a showing, any claims she seeks leave to assert against the Trustee for actions taken after all shares in the Debtor corporation were cancelled would fail, as she no longer had any interest in the Debtor properties and the Trustee no longer owed any duty to her.[4] Accordingly, this Court does not find that the Bankruptcy Court abused its discretion in denying Mrs. Bongiovanni leave to sue the Trustee in civil court.

---

[4] For this reason, appellant's claim for breach of fiduciary duty is clearly time-barred. The statute of limitations in New York for breach of fiduciary duty is six years running from the date on which the fiduciary relationship is terminated. See Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 518-19 (2d Cir. 2001). Any fiduciary duty the Trustee owed to Mrs. Bongiovanni would have terminated on August 30, 2005, when all shares in the Debtor corporations were extinguished.

13

## V. Motion for Contempt

The Trustee has moved this Court to hold Bongiovanni Jr. in contempt for failure to comply with this Court's March 1, 2013 order which prohibited him from corresponding with opposing counsel. The Trustee states that after the Order was issued, Bongiovanni Jr. continued to correspond with her regarding his mother's appeal and sent emails complaining about the Trustee to the United States Trustee's Office. The Trustee argues that Bongiovanni Jr.'s emails have caused the Trustee and her counsel "to expend significant time responding to Bongiovanni Jr.'s baseless accusations in this frivolous appeal." (Makower Aff. at ¶ 18, D.E. # 33.) Although the Court is not without sympathy for the Trustee's position, the Court finds that Bongiovanni Jr.'s actions stem from his persistent confusion about his role in the instant bankruptcy appeal and not from a desire to willfully violate this Court's order. (See D.E. # 34 at ¶ 17 ("Bongiovanni Jr. regards all Court Orders very seriously and would never intention[ally] disregard a directive."); id. at ¶ 19 ("Bongiovanni Jr. is the Administrator of the Sebastian Bongiovanni Sr. Estate and as such may communicate on behalf of the Estate . . . to all related parties for the purpose of locating the [a]ssets of the Estate.")) The motion to hold Bongiovanni Jr. in contempt is denied.

Mrs. Bongiovanni's memorandum in opposition to the Trustee's motion for contempt included a "request for reconsideration" of this Court's April 8 Order denying her motion to enjoin the Trustee from "conducting any/all functions as the Bankruptcy Trustee on behalf of the Debtors," to charge the Trustee with "perjury and sanctions," to withdraw the reference to the Bankruptcy Court, and to amend the appeal to recognize Bongiovanni Jr. as administrator of Bongiovanni Sr.'s estate. Mrs. Bongiovanni has not pointed to any "controlling decisions or data" that this Court overlooked that would warrant reconsideration. Shrader v. CSX Transp., Inc., 70 F.3d

14

255, 257 (2d Cir. 1995); see Lichtenberg v. Besicorp Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002) ("A motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved.") (internal quotation marks omitted). Accordingly, for the reasons stated in its April 8 Order, the Court denies Mrs. Bongiovanni's motion for reconsideration.

## CONCLUSION

For the reasons stated above, the appeals of the Bankruptcy Court orders are denied, as are appellant's motion for reconsideration and the Trustee's motion for contempt. The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: September 26, 2013
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge